People v Thompson (2019 NY Slip Op 08772)





People v Thompson


2019 NY Slip Op 08772


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Friedman, J.P., Oing, Singh, Moulton, JJ.


10470 3980/16

[*1] The People of the State of New York, Respondent,
v
Antoine Thompson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Axelrod of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J. at motion; Ellen N. Biben, J. at plea and sentencing), rendered August 24, 2017, as amended September 5, 2017, convicting defendant of disseminating indecent material to minors in the first degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously reversed, on the law, the motion to suppress evidence obtained from cell phones through a search warrant granted, the plea vacated, and the matter remanded for further proceedings.
The search warrant for defendant's phones was overbroad. The application alleged that, on September 1, 2016, defendant sent texts to a 13 year old making indecent proposals, and called her on the same day. The warrant authorized examination of defendant's internet usage from January 1 to September 13, 2016, and also authorized, without a time limitation, examination of essentially all the other data on defendant's phones. This failed to satisfy the particularity requirement of both the Fourth Amendment and Article 1, § 12 of New York's Constitution (see United States v Galpin , 720 F3d 436 [2d Cir 2013]; United States v Rosa , 626 F3d 56 [2d Cir 2010]).
The pivotal question here is whether there was probable cause that evidence of the crimes specified in the warrant would be found in the broad areas specified. Notably, the warrant application alleged two discrete crimes and specified conduct that "began" on September 1, 2016, and, as far as the available information indicated, occurred entirely on that date. While it was of course possible that defendant's phone contained evidence of the specified offenses that predated September 1, there were no specific allegations to that effect. While the nature of defendant's relationship to the complainant — that he was a childhood friend of her mother's and married to her mother's friend — suggests a relationship that predated September 1, there were, again, no allegations of conduct relevant to the charged offenses during this period.
The information available to the warrant-issuing court did not support a reasonable belief that evidence of the crimes specified in the warrant would be found in all of the "locations" within defendant's cell phone to which the warrant authorized access — for example, in defendant's browsing history six or seven months before September 1, 2016, or in his emails, the examination of which was authorized without any time restriction (see Rosa , 626 F3d at 61 [warrant that lacked requisite specificity for tailored search of the defendant's electronic media implicated "Fourth Amendment's core protection against general searches"]). While the search of a residence may be usefully analogized to the search of a cell phone in that each may necessitate the "opening" of "areas" in which evidence not legitimately targeted by the search may be found, Galpin 's comparison of the two contexts, relied on by the People, in fact cuts in favor of defendant's position (see Galpin , 720 F3d at 447 [limitations naturally imposed on the search of a residence "are largely absent in the digital realm, where the size or other outwardly visible characteristics of a file may disclose nothing about its content"]).
The conclusion that the warrant was overbroad is not undermined by the fact that the [*2]specified crimes involve child sex abuse, or the general recognition that this variety of crime often entails repeated and habitual conduct, including repeated conduct on the internet. Here, there were no allegations of possession of child pornography, and there was no information specifically indicating defendant's use of his phone other than
to communicate with the victim by text.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK